# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **PATRICIA KETZLER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:19-cv-03400-MDH |
| | ) | |
| **WESTGATE MARKETING, LLC,** a | ) | **REQUEST FOR JURY TRIAL** |
| Florida limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Patricia Ketzler, by and through her undersigned attorney, pursuant to the Court's Orders of April 21, 2020, and May 19, 2020, granting Plaintiff leave to file an Amended Complaint, and for her cause of action against Westgate Marketing, LLC, alleges as follows[1]:

### Parties and Jurisdiction

1.  This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act as Amended, 42 U.S.C. §§ 12101, *et seq.* ("ADAAA"), and the Workers' Compensation Law of the State of Missouri, MO. REV. STAT. § 287.010 *et seq.* ("Workers' Compensation Law").

2.  Plaintiff Ketzler is a female citizen of the United States, residing in Ava, Douglas County, Missouri.

---

[1] Plaintiff concedes that the Court has dismissed Counts I and IV; however, Plaintiff has left those counts in this Amended Complaint for purposes of continuity and notes within the Count headers that they have previously been dismissed by the Court.

3. Defendant Westgate Marketing, LLC (hereinafter "Westgate") is and was at all relevant times a limited liability company organized under the laws of Florida.

4. Westgate conducts substantial and continuous business in the State of Missouri, specifically in Branson, Taney County, Missouri.

5. At all times relevant, Defendant Westgate employed twenty (20) or more people in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

6. Defendant Westgate is an employer within the meaning of Title VII.

7. Defendant Westgate is an employer within the meaning of the ADEA.

8. Defendant Westgate is an employer within the meaning of the ADAAA.

9. Defendant Westgate is an employer within the meaning of the Workers' Compensation Law.

10. Jurisdiction is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1331 as some or all of Plaintiff's claims arise under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the state of Missouri pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's claims arising under the laws of the United States that Plaintiff's claims form part of the same case or controversy.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## **Administrative Procedures**

13. On or about January 18, 2019, Plaintiff timely filed a charge of discrimination against Westgate Resorts Limited Partnership; Westgate Resorts Sales, Inc.; Westgate GV at the Woods, LLC; and individual Todd Latzig, alleging discrimination based on her age, gender,

and disability with the United States Equal Employment Opportunity Commission ("EEOC") (attached as Exhibit 1 and incorporated by reference).

14. On or about August 22, 2019, the EEOC issued Plaintiff a Notice of Right to Sue with regard to her claims (attached as Exhibit 2 and incorporated by reference).

15. This lawsuit was filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue.

16. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties, and accordingly, the sweep of the judicial complaint may be and is as braid as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

17. Westgate had knowledge of Plaintiff's Charge of Discrimination filed with the EEOC prior to the EEOC's issuance of Plaintiff's Notice of Right to Sue.

18. Westgate was afforded the opportunity to engage in conciliation while Plaintiff's Charge of Discrimination was pending with the EEOC.

19. Westgate did not suffer prejudice as a result of its absence from the EEOC proceedings.

20. Plaintiff has satisfied all private administrative and judicial prerequisites and judicial prerequisites to the institution of this action.

21. This Complaint is filed within the applicable stature of limitations.

### Additional Factual Allegations

22. Plaintiff began working for Westgate in approximately April 2015 in the position of front desk agent.

23. In January 2016 Plaintiff's supervisor informed her that she would be transitioned into a "leads" position which would require additional training.

24. Rather than beginning her training as expected, Plaintiff's supervisor assigned her to the tasks of working in the kitchen, child-care, and baking cookies.

25. Plaintiff continued in these tasks until her employment was terminated.

26. When Plaintiff inquired as to why she had been removed from the front desk and then not placed in the leads position, Plaintiff was told that it was because she was too old and not cute enough for the positions.

27. Subsequent to her removal from the front desk and failure to be placed in the leads condition, Defendant filled the positions with significantly younger women who were considered to be stereotypically attractive and that allowed managers, including Plaintiff's supervisor, to touch them in a manner inappropriate for the workplace.

28. In September 2016, Plaintiff was injured in the course and scope of her employment in a trip and fall accident.

29. Prior to her workplace injury, Plaintiff suffered from multiple disabilities including Kienbock's disease and arthritis.

30. Plaintiff requested accommodation for these disabilities prior to her workplace injury in September 2016.

31. As a result of her workplace injury, Plaintiff suffered, and continues to suffer, from chondromalacia a condition which results in the deterioration of cartilage in the knee.

32. Plaintiff filed a worker's compensation claim which has since been resolved; however, Defendant's failure to accommodate Plaintiff's existing disabilities may have put her at greater risk for the September 2016 injury that resulted in Plaintiff's worker's compensation claim.

33. In approximately December 2016, Plaintiff was informed that she would be laid off beginning in January 2017 and was not provided, as other employees were, with a date that she would return to work.

34. Plaintiff reported to a human resources representative at Westgate at that time that she believed Defendant's failure to provide her with a date she may return to work was because of the workers' compensation claim she had filed in September.

35. In approximately January 2017, Plaintiff requested reasonable accommodations by presenting to a human resources representative the medical restrictions that the workers' compensation doctor had provided her with.

36. In approximately May 2017, Plaintiff reported to human resources that she was not being given reasonable accommodation for her disabilities which were exacerbated by her workplace injury.

37. Plaintiff further reported that she believed she had been removed from her position as desk agent because of her age and that she was uncomfortable with the sexualized conduct and discussions that were happening in the workplace, including supervisors inappropriately touching female employees and explicitly referencing sexual acts.

38. In June 2017, Plaintiff reported to human resources that she believed that discipline she had recently received was given in retaliation for her exercising her workers' compensation rights as well as the reports she made of age and sex discrimination; Plaintiff further reported that she had witnessed the sexual harassment of a coworker.

39. In approximately July 2017, Defendants told Plaintiff that they could not provide her with a reasonable accommodation for her disabilities, and Plaintiff accordingly went on a leave of absence.

40. Perceiving a lack of action by Defendant regarding her reports of age, sex, and disability discrimination, and retaliation, Plaintiff contacted the EEOC shortly after going on her leave of absence.

41. In approximately December 2017, shortly after filing contacting the EEOC, Plaintiff learned that she was being laid off from her job.

42. In approximately April 2018, Plaintiff learned that she would not be called back to work for Defendant as the vacation season resumed.

43. Though layoffs are not unusual in the winter months with Defendant and other employers in the area, other employees who had not made reports of discrimination or retaliation were called back to work in the spring of 2018, while Plaintiff was not.

### COUNT I
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Disability Discrimination – Failure to Accommodate
### (Previously Dismissed by the Court)

44. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

45. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because she had one or more physical impairments that substantially limited one or more of her major life activities, had a record of such impairment(s), and/or was regarded by Westgate as having such physical impairment(s), to wit, Kienbock's disease, arthritis, and chondromalacia.

46. At all times relevant, Plaintiff's disabilities substantially limited one or more of her daily life activities including but not limited to the ability to stand, squat, lift, and reach.

47. At all relevant times, Plaintiff could perform the essential functions of her job(s) with or without reasonable accommodation.

48. By requesting that Westgate allow her to work under the same medical restrictions which had been prescribed by the workers' compensation doctor, Plaintiff requested reasonable accommodation for her joint related disabilities.

49. Plaintiff's requested accommodations did not pose an undue hardship on Westgate.

50. Westgate failed to provide reasonable accommodation to Plaintiff for her disabilities.

51. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior.*

52. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

53. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

54. As shown by the foregoing, Plaintiff suffered intentional discrimination based on her disabilities.

55. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

56. As a further direct and proximate result of Westgate's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages.

57. Westgate's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying

an award of punitive damages in an amount sufficient to punish Westgate or to deter Westgate and other entities from like conduct in the future.

58. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorney's fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Disability Discrimination – Termination

59. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

60. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because she had one or more physical impairments that substantially limited one or more of her major life activities, had a record of such impairment(s), and/or was regarded by Westgate as having such physical impairment(s), to wit, Kienbock's disease, arthritis, and chondromalacia.

61. At all times relevant, Plaintiff's disabilities substantially limited one or more of her daily life activities including but not limited to the ability to stand, squat, lift, and reach.

Case 6:19-cv-03400-MDH   Document 37   Filed 05/19/20   Page 8 of 23

62. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

63. In terminating Plaintiff's employment, Westgate subjected Plaintiff to an adverse employment action.

64. Plaintiff's disability was at least a motivating factor in Westgate's decision to terminate her employment.

65. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior.*

66. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

67. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

68. As shown by the foregoing, as a result of her termination, Plaintiff suffered intentional discrimination at the hands of the Westgate in violation of the ADAAA.

69. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

70. As a further direct and proximate result of Westgate's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

71. Westgate's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Westgate or to deter Westgate and other entities from like conduct in the future.

72. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Retaliation

73. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

74. At all times relevant, Plaintiff was a member of a protected class pursuant to the ADAAA because she had one or more physical impairments that substantially limited one or more of her major life activities, had a record of such impairment(s), and/or was regarded by Westgate as having such physical impairment(s), to wit, Kienbock's disease, arthritis, and chondromalacia.

75. At all times relevant, Plaintiff's disabilities substantially limited one or more of her daily life activities including but not limited to the ability to stand, squat, lift, and reach.

76. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

77. Plaintiff engaged in a protected activity under the ADAAA by requesting the reasonable accommodation of providing the medical restrictions that her workers' compensation doctor had provided for her following her work related injury.

78. Plaintiff's request for reasonable accommodation was at least a determining factor in Westgate's decision to terminate her employment.

79. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

80. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

81. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

82. As shown by the foregoing, as a result of her termination, Plaintiff suffered intentional discrimination at the hands of the Westgate in violation of the ADAAA.

83. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

84. As a further direct and proximate result of Westagate's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

85. Westgate's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Westgate or to deter Westgate and other entities from like conduct in the future.

86. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Sex Discrimination – Hostile Work Environment
### (Previously Dismissed by the Court)

87. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

88. Plaintiff is female and therefore a member of a protected class.

89. Throughout Plaintiff's employment, Westgate subjected her to severe, pervasive, and unwelcome harassment, such as engaging in and condoning sexually disparaging conduct

and treating Plaintiff less favorably than those employees that Westgate believed conformed to its desired female stereotype.

90. The sex discrimination to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

91. Plaintiff's sex was determining factor in the hostile work environment to which she was subjected.

92. Westgate knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

93. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

94. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

95. Westgate failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

96. Plaintiff suffered intentional discrimination at the hands of the Westgate based on her sex in violation of Title VII.

97. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

98. As a further direct and proximate result of Westgate's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

99. By failing to take prompt and effective remedial action, Westgate in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

100. Westgate's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Westgate or to deter it and other companies from like conduct in the future.

101. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT V**
**Violation under 42 U.S.C. §§ 2000e *et seq.***
**Retaliation**

102. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

103. Plaintiff made multiple good faith reports of sex discrimination, sexual harassment and retaliation during her employment.

104. By making good faith reports of sexual harassment and retaliation in the workplace, Plaintiff engaged in multiple protected activities throughout her employment.

105. Plaintiff's good faith reports of sexual harassment and retaliation in the workplace were determining factors in Westgate's decision to terminate her employment.

106. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

107. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including harassment and retaliation.

108. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

109. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Westgate, based on her good faith reports of sexual harassment and retaliation, in violation of Title VII.

110. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

111. As a further direct and proximate result of Westgate's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

112.  By failing to take prompt and effective remedial action and instead of re-employing Plaintiff, Westgate in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

113.  As shown by the foregoing, Westgate's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Westgate or to deter it and other employers from like conduct in the future.

114.  Pursuant to the provisions of Title VII, Plaintiff is entitled to recover her reasonable attorney's fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### <u>COUNT VI</u>
### Violation under 29 U.S.C. §§ 621 *et seq.*
### Age Discrimination – Termination

115.  Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

116.  Plaintiff was at all relevant times over the age of forty (40) and was therefore a member of a protected class under the ADEA.

117.  By removing Plaintiff from her position as desk agent under the pretense of transferring her into a leads position, replacing her with significantly younger workers, and  subsequently

transferring her to kitchen duties, Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her age.

118. In terminating Plaintiff's employment, Westgate subjected Plaintiff to an adverse employment action.

119. Westgate filled Plaintiff's position as a front desk agent with women who were significantly younger than her

120. Plaintiff's age was a determining factor in Westgate's decision to terminate her employment.

121. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

122. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

123. Westgate failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

124. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Westgate, based on her age, in violation of the ADEA.

125. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

126. By failing to take prompt and effective remedial action and instead of re-employing Plaintiff, Westgate in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

127. As shown by the foregoing, Westgate's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of liquidated damages.

128. Pursuant to the provisions of the ADEA, Plaintiff is entitled to recover her reasonable attorney's fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT VII**
**Violation under 29 U.S.C. §§ 621 *et seq.***
**Retaliation**

129. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

130. By making good faith reports of age discrimination to her employer, Plaintiff engaged in protected activity under the ADEA.

131. Following her good faith reports of age discrimination, Defendant terminated Plaintiff's employment.

132. Plaintiff's age was a determining factor in Westgate's decision to terminate her employment.

133. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Westgate, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by

Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

134. Westgate failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

135. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

136. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Westgate, based on her reports of age discrimination, in violation of the ADEA.

137. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

138. By failing to take prompt and effective remedial action and instead of re-employing Plaintiff, Westgate in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

139. As shown by the foregoing, Westgate's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of liquidated damages.

140. Pursuant to the provisions of the ADEA, Plaintiff is entitled to recover her reasonable attorney's fees from Westgate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VIII
## Violation under Mo. Rev. Stat. § 287.780
## Workers' Compensation Retaliation

141. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

142. In September 2016, Plaintiff exercised her rights under the Workers' Compensation Law by reporting an on-the-job injury and filing a claim with the Missouri Department of Labor and Industrial Relations.

143. In terminating Plaintiff's employment, Westgate retaliated against Plaintiff.

144. Plaintiff's exercise of her rights under the Workers' Compensation Law was at least a motivating factor in Westgate's decision to terminate her employment.

145. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Westgate., and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Westgate, thus making Westgate liable for said actions under the doctrine of *respondeat superior*.

146. Westgate failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

147. Westgate failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the Missouri Workers' Compensation Law.

148. As shown by the foregoing, as a result of her protected activities, Plaintiff suffered intentional unlawful discrimination at the hands of Westgate.

149. As a direct and proximate result of Westgate's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

150. As a further direct and proximate result of Westgate's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

151. By failing to take prompt and effective remedial action, Westgate in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

152. Westgate's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Westgate or to deter Westgate and other employers from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Westgate for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff requests a trial by jury in Springfield, Missouri, on all counts and allegations of wrongful conduct alleged in this Complaint.

*(Signature on following page)*

Respectfully Submitted,


CORNERSTONE LAW FIRM

By: _/s/ Joshua P. Wunderlich_____
      Joshua P. Wunderlich      MO BAR 64254
      j.wunderlich@cornerstonefirm.com
      8350 N. St. Clair Ave., Ste. 225
      Kansas City, Missouri 64151
      Telephone         (816) 581-4040
      Facsimile         (816) 741-8889

      ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __19th__ day of __May__, 2020, a true and accurate copy of the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Travis R. Kearbey     tkearbey@atllp.com
Armstrong Teasdale LLP
7700 Forsyth Blvd., Ste. 1800
St. Louis, MO 63105-1847

By: _/s/ *Joshua P. Wunderlich*_____