EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 563-2019-00751 |

Missouri Commission on Human Rights **and EEOC**
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.)
Ms. Patricia Ketzler

**Home Phone** (Incl. Area Code): 816-581-4040
**Date of Birth:** 1/18/1971

**Street Address**
8350 North Saint Clair Avenue

**City, State and ZIP Code**
Kansas City, Missouri 64151

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** Westgate Resorts, Limited Partnership
**No. Employees, Members:** 500+
**Phone No.** (Include Area Code):

**Street Address:** 2201 Roark Valley Road
**City, State and ZIP Code:** Branson, MO 65616

**Name:** Westgate Resorts Sales, Inc.
**No. Employees, Members:** 500+
**Phone No.** (Include Area Code):

**Street Address:** 2201 Roark Valley Road
**City, State and ZIP Code:** Branson, MO 65616

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest — Latest: January 2016 - Present
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/18/2019
*Date*  *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

PLAINTIFF'S EXHIBIT 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [X] FEPA  [X] EEOC

Agency(ies) Charge No(s):

Missouri Commission on Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Patricia Ketzler | 816-561-4040 | 1/18/1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8350 North Saint Clair Avenue | Kansas City, Missouri 64151 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Westgate GV at the Woods, LLC | 500+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2201 Roark Valley Road | Branson, MO 65616 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Todd Latzig | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2201 Roark Valley Road | Branson, MO 65616 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: January 2016 – Present
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

1/18/2019
*Date* — Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

## Attachment to EEOC Form 5 (5/01) for Patricia Ketzler

I, Patricia Ketzler, bring this Charge of Discrimination against Respondents Westgate Resorts, Limited Partnership ("Westgate Partnership"); Westgate Resorts Sales, Inc. ("Westgate Inc."); Westgate GV at the Woods, LLC ("Branson Woods"); and Todd Latzig ("Latzig"). Respondents Westgate Partnership, Westgate Inc., and Branson Woods ("corporate Respondents") are employers within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Americans with Disabilities Act, as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"), and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 *et seq.* ("MHRA"). Respondent Latzig is an employer within the meaning of the MHRA because he was a supervisor acting in the interest of the corporate Respondents, and because he engaged in discriminatory and/or retaliatory conduct that began at a time prior to August 28, 2017.

I am a former employee of Respondents and a member of a protected class pursuant to Title VII and the MHRA (and the anti-retaliation provisions thereof) because of my sex—female—and because I reported sex-based discrimination on my own behalf and also assisted another employee regarding her reports of sex-based discrimination. I am a member of a protected class pursuant to the ADEA and the MHRA (and the anti-retaliation provisions thereof) because of my age—forty-seven (47)—and because I reported age-based discrimination. I am a member of a protected class pursuant to the ADAAA and the MHRA (and the anti-retaliation provisions thereof) because I have physical and/or mental impairments that substantially limit one or more of my major life activities (including but not limited to standing, squatting, lifting, and reaching), a record of such impairments, and/or Respondent regarded me as having such impairments, and because I requested an accommodation for my disabilities and

1

reported disability-based discrimination. Specifically, I suffer or suffered from Kienbock's disease, arthritis, chondromalacia, and other injury-related maladies, and requested reasonable accommodations related to those disabilities. At all times relevant, I was able to perform the essential functions of my job with or without reasonable accommodation. The specific facts that give rise to my claims of sex, age, and disability discrimination and retaliation are as follows:

I began working for Respondents in April 2015 as a front desk agent. My job duties included running credit reports on potential customers and otherwise verifying their personal information, entering sales information into databases, and assigning tours to agents. In January 2016, I was told that I would be transferred into a "leads" position, a position that would have required additional training from Respondents. However, instead of providing me the training for the leads position, Respondent Latzig assigned me to do work in the kitchen, to work in child care, and to bake cookies. In approximately April 2016, when I inquired to Respondent Latzig and to Chris Michaud ("Michaud") as to why I had been removed from the front desk agent position and not placed in the leads position, I was told that it was because I was too old and not cute enough for the positions. I continued in these three positions until my last day of work. Further, Respondents filled both the front desk agent position from which I'd been removed, as well as the leads position, with women who were significantly younger than me, that were considered stereotypically attractive, and that allowed Respondent Latzig to touch them in a manner inappropriate for the workplace.

In September 2016, I fell and injured myself in the course and scope of my employment with Respondents. As a result of this workplace injury, I suffered, and continue to suffer, from chondromalacia. I filed a workers' compensation claim, which has since been resolved. I believe that Respondents' refusal to accommodate my disabilities that preexisted my injury in September

2

2016, to wit my arthritis, put me at a greater risk for injury, and ultimately caused my injuries in September 2016.

In approximately December 2016, I began reporting several issues that had arisen since my workplace injury. In December 2016, I was told that I was going to be laid off beginning in January 2017 and was not given a date on which I would be returning to work, even though other employees were. I indicated to Respondents' human resources representative that I believed it was related to my injury in September 2016. Then, in January 2017, I requested accommodations for my disability by providing my medical restrictions from my workers' compensation doctor to Respondents' human resources representative. In April 2017, I raised to human resources that I was not being given a reasonable accommodation for the disabilities from which I suffered as a result of my work-related injury, that I believed I had been removed from my old position because of my age, and that I was uncomfortable with much of the sexualized conduct and discussion that was occurring in the work place (for instance, that Latzig and other supervisors often touched female employees in a manner inappropriate for the workplace, and that employees often made explicit reference to sexual acts). In June 2017, I notified human resources that I believed discipline I had received was retaliation for exercising my workers' compensation rights and for reporting age and sex discrimination. I also reported sexual harassment to which a coworker was being submitted.

In July 2017, I went on a leave of absence, having been told that Respondents could not provide a reasonable accommodation for my disabilities. Shortly thereafter, because of the lack of progress I perceived on Respondents' response to my report of age, sex, and disability discrimination, and retaliation, I contacted the Equal Employment Opportunity Commission the first time. Then, in November or December 2017, I learned that I was being laid off for the

3

Case 6:19-cv-03400-MDH   Document 37-1   Filed 05/19/20   Page 5 of 6

winter, which was common with Respondents and other resorts in the area. However, in April 2018, I learned that I was not being called back to work for the beginning of that vacation season, and that my employment had been terminated. I am aware of other employees that had not complained about discrimination or retaliation, and/or that had willingly engaged in sexual activity and conversation in the workplace, who were called back to work when I was not.

In sum, I am a member of a protected class under the MHRA, Title VII, the ADEA, the ADAAA, and anti-retaliation provisions thereof. Respondents subjected me to a hostile work environment and otherwise discriminated against me because of my sex, age, and disability, retaliated against me for reporting such discrimination and for requesting an accommodation for my disability, then retaliated against me for reporting that retaliation. Ultimately, all of these unlawful acts culminated in the termination of my employment. I also allege that Respondents retaliated against me for exercising my rights under the Missouri Workers' Compensation Law, Mo. Rev. Stat. §§ 287.010 *et seq.* Although I recognize the fact that the EEOC does not investigate claims of workers' compensation retaliation arising under state law, I raise the issue of workers' compensation retaliation because prohibitions against retaliation for filing workers' compensation claims and prohibitions against disability discrimination are so closely related. As a result of Respondents' actions, I am seeking back-pay, front-pay, emotional distress damages, attorneys' fees, punitive damages, and any other remedies the Commission deems appropriate.